UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCUS W. SMITH,

                         **Plaintiff,**

               v.                                    5:08-CV-151
                                                           (FJS/GJD)

ONEIDA EMPLOYMENT SERVICES;
ONEIDA NATION ENTERPRISES, LLC;
RAY HALBRITTER, as CEO of Oneida
Employment Services and as Member/
Managing Member of Oneida Nation
Enterprises, LLC; ROBERT C. LARSON,
as an aider and abettor; and MARK
MANCINI, as an aider and abettor,

                         **Defendants.**
_____

**APPEARANCES**                                       **OF COUNSEL**

**OFFICE OF DAVID B. VICKERS**          **DAVID B. VICKERS, ESQ.**
244 Salt Springs Street
Fayetteville, New York 13066
Attorneys for Plaintiff

**ONEIDA INDIAN NATION**                **PETER D. CARMEN, ESQ.**
5218 Patrick Road                                     **MEGHAN MURPHY BECKMAN, ESQ.**
Verona, New York 13478
Attorneys for Defendants

**SCULLIN, Senior Judge**

## I. INTRODUCTION

      Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiff began his employment with the Oneida Indian Nation of New York (the "Nation") or its subsidiaries on or about May 1, 1990. *See* Complaint at ¶ 21. Plaintiff continued to work "for the new companies and or LLC until his termination in December of 2006." *See id.* at ¶ 22.

On or about August 10, 2007, Plaintiff filed a charge of racial and ethnic discrimination and retaliation against the Nation with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights. *See* Complaint at ¶ 5. On August 31, 2007, the EEOC declined to investigate this claim because the employer of record was an Indian Tribe. *See id.* at ¶ 6. The EEOC's right-to-sue letter advised Plaintiff that he needed to file a suit within ninety days of August 31, 2007, or lose his right to sue. *See id.*

Rather than file suit, Plaintiff filed another charge of racial and ethnic discrimination and retaliation with the EEOC and the New York State Division of Human Rights on September 9, 2007; this time he brought the charge against Oneida Nation Enterprises, LLC. *See id.* at ¶ 7. On November 14, 2007, the EEOC declined to investigate further, and Plaintiff received a right-to-sue letter advising him that he needed to file a suit within ninety days of the receipt of that letter or lose his right to sue. *See id.* at ¶ 8.

Plaintiff commenced this action on February 8, 2008. *See* Dkt. No. 1. In his complaint, he asserted the following six causes of action: (1) a Title VII claim against Defendants Oneida Employment Services ("OES"), Oneida Nation Enterprises, LLC, and Ray Halbritter for discrimination based on his race and ethnicity; (2) a New York Human Rights Law claim against Defendants for discrimination based on his race and ethnicity; (3) a New York Human Rights

Law claim against Defendants Larsen and Mancini, as aiders and abettors, for discrimination based on his race and ethnicity; (4) a Title VII claim against Defendants OES, Oneida Nation Enterprises, LLC, and Ray Halbritter for retaliation; (5) a New York Human Rights Law claim against Defendants OES, Oneida Nation Enterprises, LLC, and Ray Halbritter for retaliation; and (6) a New York Human Rights Law claim against Defendants Larsen and Mancini, as aiders and abettors, for retaliation. *See, generally*, Complaint.

On March 2, 2008, Defendants filed the motion to dismiss which is currently before the Court. *See* Dkt. No. 10. Plaintiff filed his response in opposition to that motion on March 23, 2008. *See* Dkt. No. 11. Defendants filed their reply in further support of their motion on March 29, 2008. *See* Dkt. No. 12. The following is the Court's written disposition of the pending motion.

### III. DISCUSSION

A court must consider a motion for lack of subject matter jurisdiction before it considers any other motion and must dismiss an action when it concludes that such jurisdiction is lacking. *See World Touch Gaming, Inc. v. Massena Mgmt., LLC*, 117 F. Supp. 2d 271, 274 (N.D.N.Y. 2000) (noting that "a finding of lack of jurisdiction . . . render[s] other objections and defenses moot") (citations omitted). The burden is on the party asserting subject matter jurisdiction to prove that jurisdiction exists. *See id.* (citations omitted).

Furthermore, "'"[p]arties cannot confer subject matter jurisdiction where the Constitution and Congress have not. The absence of such jurisdiction is not waivable[.]"'" *Frazier v. Turning Stone Casino*, 254 F. Supp. 2d 295, 302 (N.D.N.Y. 2003) (quotation omitted). For purposes of

federal-question jurisdiction, "'a "suit arises under the law that creates the cause of action."'" *Id.* (quotation omitted).

Finally, when opposing a motion to dismiss for lack of subject matter jurisdiction, "the party cannot 'rest on [the] mere assertion that factual issues exist.'" *World Touch Gaming, Inc.*, 117 F. Supp. 2d at 274 (quotation omitted).  Furthermore, "[t]he proof of jurisdictional facts must be competent . . . and guidance regarding the proof can be taken from Fed. R. Civ. P. 56 . . . ." *Id.* (internal citations omitted).

In this case, Defendants base their motion to dismiss on their tribal sovereign immunity. *See* Defendants' Memorandum of Law at 5 (citation omitted).  It is well-established that "'Indian tribes possess sovereign immunity from suit in state and Federal courts[.]'" *Zeth v. Johnson*, 309 A.D.2d 1247, 1247 (4th Dep't 2003) (quotation and other citation omitted).  Moreover, "'[t]he doctrine of tribal immunity "extends to individual tribal officials acting in their representative capacity and within the scope of their authority[,]"'" *id.* (quotation omitted), and to tribal agencies, *see Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) (citation omitted); *Frazier*, 254 F. Supp. 2d at 305 (noting that "the doctrine of tribal sovereign immunity bars suits for damages against a tribe . . . including suits arising from its off-reservation commercial activities . . . and the activities of a tribal entity such as the [Turning Stone] Casino" (citations omitted)).

Plaintiff has attempted to circumvent the well-established doctrine of tribal sovereign immunity by claiming that either Defendant OES or Defendant Oneida Nation Enterprises, LLC – rather than the Nation – was his employer and that, because neither of those entities is an Indian tribe, tribal sovereign immunity does not bar his claims against them.  Plaintiff's

arguments find no support either in law or in fact.  First, Defendants have come forward with documentary evidence – taken directly from Plaintiff's employment file – that Plaintiff's employer was, in fact, the Nation.[1]  Plaintiff has come forward with no proof – let alone any competent proof – to rebut Defendants' evidence with regard to this issue.  Therefore, the Court concludes that, based on the uncontroverted record evidence, the Nation, who is not a Defendant in this action, was Plaintiff's employer.[2]

      Furthermore, Plaintiff's claim that Defendant Oneida Nation Enterprises, LLC was his employer is frivolous because, as Defendants' uncontroverted evidence establishes, that entity was not created until June 2007, six months after Plaintiff's employment was terminated.  *See* Declaration of Peter D. Carmen dated March 2, 2008, at ¶ 4 & Exhibit "C."  Finally, Plaintiff has not come forward with any proof to rebut Defendants' evidence that Defendant OES was never Plaintiff's employer and, in fact, was nothing more than a payroll processing company that

---

[1] This documentary evidence includes (1) a memorandum from the Nation to Plaintiff offering him benefits, which Plaintiff accepted and which were available only to individuals who were "actively employed by the Oneida Indian Nation," *see* Declaration of Mark Mancini ("Mancini Decl."), dated March 2, 2008, at Exhibit "A"; (2) a letter that Plaintiff wrote and signed to Nation Representative Ray Halbritter, complaining about his termination from employment with the Nation, noting that he had "worked for the Nation for 18 ½ years," *see id.* at Exhibit "B"; (3) Plaintiff's signed request that the Nation make payroll deductions from his wages for his Nation-provided health insurance, *see id.* at Exhibit "C"; (4) a check that Plaintiff signed and made payable to his employer "Oneida Indian Nation" for reimbursement of benefits, *see id.* at Exhibit "D"; (5) Plaintiff's request that the Nation make changes to his Nation-provided benefits, *see id.* at Exhibit "E"; and (6) Plaintiff's handwritten and signed application for life insurance that his employer, Oneida Indian Nation, offered to him, *see id.* at Exhibit "F."

[2] The Court notes that it is disingenuous at best and fraudulent at worst for Plaintiff to allege in his complaint that he "was hired by the Oneida Indian Nation of New York or its subsidiaries on or about May 1, 1990 . . . and continued to work in a substantially similar capacity for the new companies and or LLC until his termination in December of 2006[,]" *see* Complaint at ¶¶ 21-22, and then to argue in opposition to Defendants' motion to dismiss that the Nation was not his employer.

administered payroll and benefits as an agent for the Nation.  *See* Mancini Decl. at ¶ 8; Carmen Decl. at ¶ 5.[3]

Alternatively, even if Plaintiff had come forward with some proof to demonstrate that either Defendant OES or Defendant Oneida Nation Enterprises, LLC was his employer, this Court would still lack subject matter jurisdiction over his claims because Defendants have demonstrated – and Plaintiff has not come forward with any competent proof to the contrary – that these entities are agents and instrumentalities of the Nation and, therefore, are cloaked with the Nation's tribal sovereign immunity.

Furthermore, with respect to his claims against Defendant Halbritter, Plaintiff asserts that, at the very least, there is a factual dispute regarding whether Defendant Halbritter is the legally recognized Representative of the Nation.  *See* Plaintiff's Response at (unnumbered page) 4 at ¶ I.12.  Plaintiff's argument in this regard is not only specious, it comes very close to being sanctionable.  As Defendants correctly point out, the Department of the Interior has determined that "the United States unconditionally recognizes [Ray Halbritter] as the current Nation representative" and the Second Circuit has adopted this determination.  *See* Reply Declaration of Peter D Carmen dated March 29, 2008, at ¶ 3 & Exhibits "B" and "C"; *Shanandoah v. Halbritter*, 366 F.3d 89, 90 (2d Cir. 2004) (noting that "the Federal Government recognize[s] Halbritter as the official representative of the Nation").  As the Representative of the Nation, Defendant Halbritter is cloaked with the Nation's tribal sovereign immunity.

---

[3] Defendants also assert that, effective January 1, 2008, "OES was merged into Oneida Nation Enterprises . . . through the purchase of 100% of the stock of OES . . . [and, therefore,] OES no longer exists and Oneida Nation Enterprises has assumed all its liabilities."  *See* Carmen Decl. at ¶ 6.

Finally, Plaintiff does not allege that any of the individual Defendants were acting outside the scope of their employment with the Nation and its agents and instrumentalities when they took the actions about which Plaintiff complains. Thus, the Court finds that the individual Defendants are entitled to rely on the Nation's tribal sovereign immunity to defeat Plaintiff's claims against them.[4]

### IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is **GRANTED**;[5] and the Court further

---

[4] The Court also notes that, even if it had subject matter jurisdiction over Plaintiff's Title VII claims, the only proper defendant with regard to such claims would be Plaintiff's employer. Since the Court has concluded that the Nation was Plaintiff's employer, Plaintiff's Title VII claims would be subject to dismissal because Title VII explicitly excludes an Indian tribe from its definition of employer. *See* 42 U.S.C. § 2000e(b) ("[t]he term 'employer' . . . does not include (1) . . . and Indian tribe . . .").

[5] Since the Court has determined that it does not have jurisdiction over Plaintiff's claims, the Court does not have the authority to address Defendants' alternative argument that Plaintiff has failed to state a claim because its "finding of lack of jurisdiction . . . render[s] [that] defense[] moot." *World Touch Gaming, Inc.*, 117 F. Supp. 2d at 274 (citation omitted).

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.[6]

**IT IS SO ORDERED.**

Dated: March 29, 2009
       Syracuse, New York

*/s/ Frederick J. Scullin, Jr.*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[6] The Court advises Plaintiff's counsel that he would be well-served if, in the future, he heeded Rule 11's warning that

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The consequences for failing to comply with Rule 11's requirements is that, "after notice and a reasonable opportunity to respond, . . . the court may impose an appropriate sanction on any attorney . . . that violated the rule . . . ." Fed. R. Civ. P. 11(c)(1).

Although the Court could sanction Plaintiff's counsel for violating Rule 11 based on several of the factual allegations and legal arguments that he has submitted to the Court in this litigation, it will not do so at this time. However, the Court advises Plaintiff's counsel that the Court will not tolerate such conduct in the future and will not hesitate to impose sanctions on him for any future violations.